THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS GOODERMOTE and Others, Defendants.

Children's Court, Rensselaer County, May 25, 1928.

*F. C. Filley*, for the plaintiff.

*John F. Murray* and *William H. Murray* [*William H. Murray* of counsel], for the defendants.

BREARTON, J. It appears that a warrant in said proceedings before the Court of Special Sessions was issued on October 3, 1922. The above-named principal and his sureties appeared specially in answer to this order to show cause and claim that the judgment of said Court of Special Sessions and the undertaking are void and of no effect for the reason that said court had no jurisdiction. This claim is based on the fact that the Children's Court, under subdivision 3 of section 5 of chapter 547 of the Laws of 1922, was given exclusive original jurisdiction of that class of proceedings. It is pointed out that, under section 48 of said chapter, said act took effect May 1, 1922. Section 47 of the Children's Court Act provides: "The children's court in any county established by the provisions of this act shall, where no judge is required to be elected by virtue of the provisions of this act, begin to function on the first day of November, one thousand nine hundred and twenty-two." This is the situation with reference to Rensselaer county, so that this court did not begin to function until after the warrant in the proceedings was issued as above stated.

I do not think that it was the intention of the Legislature to oust Courts of Special Sessions of jurisdiction of cases already instituted in those courts and I doubt even if that could be done as the Courts of Special Sessions are constitutional courts in this State. The parties being residents of that town and the court having assumed jurisdiction before the Children's Court Act began to function in this county, I hold that the parties are bound by the decision of that court. The question of jurisdiction as thus raised is not well taken. Let the parties appear before this court on June second, next, at ten A. M., at which time, if no answer on the merits is submitted, proof may be taken of the amount due and judgment taken against the defendants accordingly.